NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1351

HARLY B. SAVAGE

v.

BOARD OF APPEAL ON MOTOR VEHICLE LIABILITY POLICIES AND BONDS & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Harly B. Savage, appeals from a Superior Court judgment affirming the decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds (board) to deny him a limited driver's license on the ground of hardship (hardship license).[2]  For the reasons stated below, we affirm.

Background.  Between 1990 and 2006, the plaintiff was convicted of operating under the influence of alcohol (OUI) seven separate times.  The 1999 conviction -- the plaintiff's fifth -- should have led to a lifetime revocation of his

_____

[1] Registry of Motor Vehicles (RMV).

[2] The plaintiff brought the present action against the board and the RMV (collectively, the defendants).

driver's license pursuant to G. L. c. 90, § 24 (1) (c) (3 3/4).[3] However, the RMV was unaware of the plaintiff's fifth OUI conviction as well as his third OUI conviction,[4] which both occurred in Arizona, and thus the lifetime revocation was not imposed. Similarly, a lifetime revocation was not imposed after a 2006 conviction -- the plaintiff's seventh -- because the RMV was still unaware of his Arizona OUI convictions and another OUI conviction in Colorado from 2000.

In early April of 2012, the RMV became aware of the plaintiff's out-of-state OUI conviction in Colorado from 2000. That OUI conviction was "posted" to the plaintiff's driving

---

[3] General Laws c. 90, § 24 (1) (c) (3 3/4) provides, in relevant part:

> "Where the license or the right to operate of a person has been revoked under paragraph (b) and such person has been previously convicted of or assigned to an alcohol or controlled substance education, treatment or rehabilitation program by a court of the commonwealth or any other jurisdiction because of a like violation four or more times preceding the date of the commission of the offense for which such person has been convicted, such person's license or right to operate a motor vehicle shall be revoked for the life of such person, and such person shall not be granted a hearing before the registrar for the purpose of requesting the issuance of a new license on a limited basis on the grounds of hardship . . . ."

[4] Different states use differing nomenclatures for the offense of operating or driving a motor vehicle while under the influence of alcohol. For consistency, we use the term "OUI conviction" to describe such offenses in Massachusetts as well as "like violation[s]" from other states. See generally G. L. c. 90, § 24.

history.  As a result, to the RMV's knowledge, the plaintiff had five OUI convictions and thus the RMV imposed a lifetime license revocation, backdated to 2006.  See G. L. c. 90, § 24 (1) (c) (3 3/4).[5]  On April 5, 2012, following a hearing, the board affirmed the RMV's order revoking the plaintiff's driver's license for life.

On April 13, 2017, the plaintiff appeared before the board to appeal from the RMV's lifetime license revocation and asked the board to exercise its discretionary authority to modify the lifetime revocation.  Pursuant to G. L. c. 90, § 28, the board modified the RMV's order and granted the plaintiff a hardship license to operate a motor vehicle on a limited basis.[6]

In or around early September of 2019, the RMV learned of the plaintiff's out-of-state OUI convictions in Arizona from 1996 and 1999, which posted to the plaintiff's driving history. For the first time, the RMV was aware of the plaintiff's seven

---

[5] As previously discussed, although the plaintiff had seven OUI convictions as of 2006, the RMV was still aware of only five such convictions in April of 2012.

[6] General Laws c. 90, § 28, authorizes the board to, among other things, modify rulings by the RMV.  The relevant portion of § 28 provides that "[a]ny person aggrieved by a ruling or decision of the [RMV] may . . . appeal from such ruling or decision to the board . . . which . . . may, after a hearing, order such ruling or decision to be affirmed, modified or annulled."  G. L. c. 90, § 28.  Thus, the board, unlike the RMV, has discretion to issue a hardship license to a person subject to a lifetime license revocation.

OUI convictions and entered another lifetime revocation of the defendant's license. Soon thereafter, on September 5, 2019, the plaintiff appeared before the board to request further review and modification of his license status, and to "reinstate his hardship license that was granted by the [b]oard" in 2017. The board affirmed the RMV's lifetime revocation order based on the seven OUI convictions and made no mention of any hardship license. The plaintiff did not appeal from the board's September 2019 decision. See G. L. c. 30A, § 14.

On May 10, 2022, the plaintiff appeared before the board to challenge the lifetime revocation and seek reinstatement of his hardship license.[7] Following the hearing and consideration of materials submitted by the plaintiff, the board declined to exercise its discretion under G. L. c. 90, § 28. In its comprehensive "Statement of Reasons for Decision," the board found, inter alia, that in view of the plaintiff's driving history, which "exhibits an indifference to the law and public safety," the "risk to reoffend is too great to allow him to

_____

[7] The plaintiff had moved to California, and in July of 2021, he learned from the California Department of Motor Vehicles (CADMV) that he could not update his "REAL ID" because of a "flag" from Massachusetts. On February 3, 2022, the CADMV notified the plaintiff that his California license would not be renewed unless the CADMV received a "clearance" from the Massachusetts licensing agency within thirty days. Accordingly, in 2022, the plaintiff requested another hearing before the board.

4

return to the public highways," and the lifetime revocation was "both appropriate and necessary to protect public safety on the Commonwealth's motor ways."

On June 8, 2022, the plaintiff filed a complaint for judicial review in the Superior Court pursuant to G. L. c. 30A, § 14. The parties filed cross motions for judgment on the pleadings and, on April 28, 2023, a Superior Court judge allowed the defendants' motion and directed entry of judgment for them. Final judgment entered on May 4, 2023. The plaintiff now appeals therefrom.

Discussion. The plaintiff argues that the board's refusal to grant him a hardship license in 2019 constituted an abuse of discretion and was arbitrary and capricious because the board had previously granted him a hardship license in 2017, his seven OUI convictions had existed since 2006 (i.e., prior to the issuance of the hardship license in 2017), and thus he should not be punished for the RMV's failure to timely process out-of-state OUI convictions.

"Our review pursuant to G. L. c. 30A, § 14, 'is limited to determining whether the agency's decision was unsupported by substantial evidence, arbitrary and capricious, or otherwise based on an error of law.'" Sullivan v. Board of Appeal on Motor Vehicle Liab. Policies & Bonds, 97 Mass. App. Ct. 818, 821 (2020), quoting Haverhill Retirement Sys. v. Contributory

Retirement Appeal Bd., 82 Mass. App. Ct. 129, 131 (2012). "[W]e review questions of statutory interpretation de novo, giving substantial deference to a reasonable interpretation of a statute by the administrative agency charged with its administration and enforcement." Burke v. Board of Appeal on Motor Vehicle Liab. Policies & Bonds, 90 Mass. App. Ct. 203, 205-206 (2016). "The burden is on the plaintiff to demonstrate the invalidity of the administrative determination." Sullivan, supra at 821.

Under G. L. c. 90, § 28, the board has discretion to affirm, modify, or annul a decision of the RMV. See note 6, supra. An abuse of discretion occurs where the board makes a clear error of judgment in weighing the factors relevant to the decision "such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

Like the board and the motion judge, we have considered the plaintiff's claims, and acknowledge some sympathetic elements to the plaintiff's argument, including his increased maturity and responsibility since 2006.[8] We also recognize the practical

---

[8] The plaintiff appears to have made laudable changes to his life. He became a partner in a business, married and raised two children with his wife, and has remained sober since 2006. [Indeed, the board noted the plaintiff's "positive strides," but determined that his efforts did "not overcome the threat he poses to the safety of the public."

impact of the lifetime license loss at issue here.  That notwithstanding, we discern no error or abuse of discretion in the board's decision.  General Laws c. 90, § 24 (1) (c) (3 3/4) mandates the lifetime revocation imposed, and the board cited ample, clear, justifiable reasons to deny the requested hardship license.  See generally Boston Retirement Bd. v. Contributory Retirement Appeal Bd., 441 Mass. 78, 82 (2004) ("Where an agency's interpretation of a statute is reasonable, the court should not supplant it with its own judgment").  Moreover, the plaintiff cites no authority for the proposition that the late discovery of the two additional convictions somehow precludes the board from denying his request for relief under G. L. c. 90, § 28.  Indeed, as the judge noted in his decision on the motion for judgment on the pleadings, the fact that the plaintiff "was previously granted a hardship license, before the full extent of his prior convictions was known, does not require the [board] to perpetuate action it took based on incomplete information." Accordingly, in view of the plaintiff's history, the plain language and legislative intent expressed by G. L. c. 90, § 24 (1) (c) (3 3/4), and the facts found by the board, we cannot say that the board abused its discretion or acted in an arbitrary or

capricious manner in declining to grant a hardship license to the plaintiff.

<u>Judgment affirmed</u>.

By the Court (Neyman, Desmond & Singh, JJ.[9]),

Clerk

Entered:  November 25, 2024.

---

[9] The panelists are listed in order of seniority.